# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                Case No. 24-CR-64

JOSEPH M. MOLITORIS,

      Defendant.

---

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

---

Defendant Joseph M. Molitoris, who is currently serving an 84-month sentence for possession with intent to distribute Methamphetamine, has filed a motion for reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines (USSG). Molitoris claims that he was improperly awarded status points based upon the fact that he was under supervision as a result of a state court sentence at the time of his federal crime. For the reasons that follow, Molitoris' motion will be denied.

The record reflects that Molitoris was sentenced after Amendment 821 became effective. The record further reflects that his attorney did not object to the Guideline recommendation in the Presentence Report which was adopted by the court. Thus, as a result, Molitoris waived any error in the Guideline sentence range determination.

Even absent waiver, Molitoris' claim fails. Amendment 821 reduced the points a defendant receives for offenses committed while under supervision status. Prior to the Amendment, the defendant received two points in his criminal history score if he committed the crime while under

supervision. Amendment 821, however, eliminated status points unless the defendant had seven or more points based upon his actual convictions. The pertinent section reads:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. §4A1.1(e). This rule was followed in computing Molitoris' criminal history. Presentence Report, Dkt. No. 36 ¶47. In other words, Molitoris' criminal history was properly scored.

Finally, even if the Sentencing Guidelines had been incorrectly calculated, Molitoris would not be entitled to relief since he received a significantly under-Guideline sentence even if the status point awarded was removed. In that event, his Guideline range would have been 120-150 months. Given the nature and seriousness of the offense, as well as Molitoris' significant criminal history, a reduction in his sentence would be inconsistent with the factors and purposes of sentencing set forth in 18 U.S.C. § 3553. Accordingly, his motion is denied.

**SO ORDERED** Green Bay, Wisconsin this 15th day of May, 2026.

William C. Griesbach
United States District Judge